**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CORINA GONZALES

Plaintiff,

v. No. 1:26-cv-03230-DHU-JMR

GILBERT HERRERA,
FNU AVILA and
FNU PEREZ,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff filed a Complaint for Violation of Civil Rights, Doc. 1, filed September 28, 2026, but did not pay the $405.00 fee for instituting a civil action and did not file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

United States Magistrate Judge Jennifer M. Rozzoni notified Plaintiff:

> Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Order to Cure Deficiency, Doc. 3, filed October 2, 2026. Judge Rozzoni ordered Plaintiff to either pay the fee or file a Long Form IFP Application and notified Plaintiff that failure to timely pay the fee or file a Long Form Application may result in dismissal of this case. *See* Order to Cure

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

Deficiency at 2. Plaintiff did not pay the fee, file a Long Form Application or otherwise respond to the Order to Cure Deficiency by the October 23, 2026, deadline.

The Court dismisses this case without prejudice because Plaintiff did not timely comply with Judge Rozzoni's Order to either pay the fee or file a Long Form Application. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE